

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-93,970-01; WR-93,970-02; WR-93,970-03; & WR-93,970-04

### EX PARTE KEVIN KTARI WEST, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W19-40289-W(A), W19-40171-W(A), W19-40152-W(A), & W19-42140-W(A)
### IN THE 363RD DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to fraud and credit/debit card abuse, and he was placed on deferred adjudication community supervision. After Applicant's probation was revoked, he was adjudicated guilty of these two offenses and was also convicted of two theft offenses. He was sentenced to three years' imprisonment for each offense, to run concurrently. Applicant did not appeal his convictions. Applicant filed these applications for wrist of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied post-conviction time credit, specifically from the time his sentences were imposed on Jan. 6, 2020 until his transfer to Texas Department of Criminal

Justice's custody on Sept. 9, 2020. Applicant has alleged facts that, if true, might entitle him to relief. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. The response shall state whether Applicant presented a claim to the time credit resolution system of the Texas Department of Criminal Justice ("TDCJ") and, if so, the date the claim was presented. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether, before filing this application, Applicant properly exhausted administrative remedies as required by § 501.0081(b) of the Government Code. The trial court shall then determine whether Applicant is receiving the proper credit for the time between when his sentences were imposed and when he was transferred to TDCJ custody. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from

hearings and depositions.  *See* Tex. R. App. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:   June 8, 2022

Do not publish